IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| VIRGINIA ANIMAL OWNERS ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JASON S. MIYARES, in his official capacity as Attorney General for the State of Virginia, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-450 (PTG/JFA) |

## **ORDER**

The Court *sua sponte* raises the issue of subject matter jurisdiction, the same issue considered previously in this case, *see* Dkt. 47, and accordingly, dismisses the claims against the remaining defendants, Alan M. Jones, Robert H. Tyler, and the Virginia Animal Fighting Task Force, because the Court lacks subject matter jurisdiction over these claims.

District courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Subject matter jurisdiction . . . can be raised . . . by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010). When a court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As determined by the Court on September 15, 2022, Dkt. 47, Plaintiff lacks standing to bring a claim because there is no live case or controversy and thus, there is no subject matter jurisdiction. As such, the claim cannot proceed as to the remaining defendants.

ORDERED that the claims against the remaining defendants be DISMISSED WITHOUT PREJUDICE.

Entered this 21 day of March, 2023
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge